FILED IN CLERK'S OFFICE
U.S.D.C Atlanta

NOV 19 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MILLBURN PARTNERS, LLC,

    Plaintiff,

v.

FRANCO RIZZOLO,

    Defendants.

CIVIL ACTION FILE
NO. 2:20-CV-03039
(Case Pending in the District of
N.J.)

**1  10-MI-0195**

## MOTION FOR CONTEMPT AND TO ENFORCE
## SUBPOENAS ISSUED TO NON-PARTIES

Plaintiff, MILLBURN PARTNERS, LLC ("Millburn") herein files it

MOTION FOR CONTEMPT AND TO ENFORCE SUBPOENAS ISSUED TO

NON-PARTIES and states the following:

### PRELIMINARY STATEMENT

In relation to litigation pending in the United States District Court for the

District of New Jersey, designated docket number 2:10-cv-03039, Plaintiff

Millburn Partners, LLC has duly issued and served Christian Shields, Daniel

Malino, and Kendall Doble with subpoenas to produce documents in the United

States District Court for the Northern District of Georgia, in strict accordance with

Rule 45 of the Federal Rules of Civil Procedure. Through counsel, Mr. Shields,

Mr. Malino, and Mr. Doble have all expressed, without objection, their intention to

respond to the subpoenas. However, despite the diligent attempts of Millburn to secure compliance with the subpoenas, including the granting of extensions of time, Mr. Shields, Mr. Malino, and Mr. Doble have ignored the subpoenas, refused to communicate with Millburn, and have expressed no reason for their failure to produce documents. Accordingly, the Court should grant Plaintiff's motion to enforce the subpoenas, hold Mr. Shields, Mr. Malino, and Mr. Doble in contempt, and award attorney's fees and costs to Plaintiff that it has incurred in connection with the filing of this motion.

## FACTS AND PROCEDURAL HISTORY

Millburn Partners, LLC ("Millburn" or "Plaintiff") is the Plaintiff in a litigation pending in the United States District Court for the District of New Jersey ("the New Jersey Court"), designated docket number 2:10-cv-03039. In conducting discovery in the diligent prosecution of that case, Millburn issued on October 5, 2010 subpoenas seeking the production of documents by non-parties Christian Shields, Daniel Malino, and Kendall Doble ("the Recipients"), within the jurisdiction of the United States District Court for the Northern District of Georgia ("the Georgia Court"). [Certification of Terel L. Klein, Esq. ("Klein Cert."), ¶ 3].[1] The subpoenas were served upon the Recipients pursuant to and in accordance

---

[1] Attached hereto as Exhibit "1."

with Rule 45 of the Federal Rules of Civil Procedure. Id. at ¶ 4.

Specifically, the subpoenas issued and served on the Recipients each stated that they were issued from the Georgia Court in relation to Millburn Partners, LLC v. Rizzolo, civil action number 2:10-cv-03039, pending in the New Jersey Court. [Klein Cert., Exhibits C, D, and E]. Each subpoena commanded the designated Recipient to produce documents on October 20, 2010 at 10:00 AM at 303 Peachtree Street NE, 2800 Suntrust Plaza, Atlanta Georgia, 30308, and set forth the text of Rule 45(c) and (d). Id. Since the subpoenas were for the production of documents, and did not command the attendance of any person, they were issued from the Georgia Court, which is the District where the production was to be made. Id. The subpoenas were issued and signed by Terel L. Klein, Esq., who is authorized to practice in the New Jersey Court, the court where the action is pending. Id. at ¶ 1 and Exhibits C, D, and E.

The subpoenas were served upon the Recipients at 6445 Powers Ferry Road, Suite 205, Atlanta, Georgia, on October 8, 2010 by Bruce R. Smith, who is in excess of 18 years of age and is not a party. [Klein Cert., Exhibits F, G, and H]. Prior to service, a notice was sent to the only other party to the pending litigation. Id. at Exhibit I. The subpoenas were served within the district of the issuing court, the Georgia Court. Id. at Exhibits F, G, and H. Millburn has filed with this motion

proofs of service, which list the names of the Recipients, and indicate that the subpoenas were served on October 8, 2010 by personal service Id.

On October 19, 2010, Scott King, Esq. ("Mr. King") contacted counsel for Millburn by telephone and indicated that he represented the Recipients. [Klein Cert., ¶ 5 and Exhibits A and B]. Mr. King further explained that the Recipients had every intention of complying with the subpoenas, and that they had already supplied him with two "zip" drives containing responsive documents, but that they would need an extension of time to do so. Id. ¶ 5 and Exhibit A. Accordingly, counsel for Millburn agreed to extend the Recipients until October 29, 2010 to comply with the subpoenas. Id.

On October 29, 2010, Millburn did not receive any response to the subpoenas issued to the Recipients or an explanation as to their failure to respond. Id. at ¶ 6. On November 2, 2010, counsel for Millburn contacted Mr. King by phone, at which time Mr. King indicated that due to technical problems, the Recipients' responses had been delayed, but that Millburn would have them by November 3, 2010, and that Mr. King would contact Millburn's counsel on November 3, 2010 whether or not the technical problems were resolved. Id. at 6 and Exhibit A. On November 3, 2010, Millburn received no communication from Mr. King, and instead resorted to leaving Mr. King a voice message at around 5:30

P.M. Id. at ¶ 7. Counsel for Millburn followed up with a phone call to Mr. King's office on the morning of November 4, 2010, but Mr. King's assistant indicated that Mr. King was out of the office. Id. Millburn sent Mr. King a letter by certified mail on November 4, 2010, attached to the Klein Certification as Exhibit A, requesting that he contact Millburn and warning that if he did not, Millburn would be forced to seek court intervention. Id. Although Mr. King never sought to contact Millburn since that time, counsel for Millburn attempted to reach Mr. King yet again on November 9, 2010, but was informed by Mr. King's assistant that Mr. King was out of the office. Millburn sent Mr. King a letter by certified mail on November 9, 2010, attached to the Klein Certification as Exhibit B, indicating its intention to file a motion to enforce the Recipients' production of documents in compliance with the subpoenas. Id. at ¶ 8 and Exhibit B.

Millburn had not heard from Mr. King or anyone else on behalf of the Recipients since November 2, 2010, until November 15, 2010, when Mr. King's assistant contacted Millburn requesting more time to respond. Id. at ¶ 9. The Recipients have not responded to the subpoenas nor have they served any objections to the subpoenas. Id.

## ARGUMENT

### POINT ONE

**MILLBURN'S MOTION SHOULD BE GRANTED, THE SUBPOENA ENFORCED, AND THE RECIPIENTS HELD IN CONTEMPT AND ORDERED TO PAY ATTORNEY'S FEES, BECAUSE MILLBURN DULY SERVED AND ISSUED THE SUBPOENAS AND MADE A GOOD FAITH EFFORT TO OBTAIN COMPLIANCE THEREWITH, YET THE RECIPIENTS MADE NO RESPONSE AND SERVED NO OBJECTION**

Pursuant to Federal Rule of Civil Procedure 45, Millburn subpoenaed the Recipients in its effort to obtain information relevant to the prosecution of its claims in the pending litigation in the New Jersey Court. Notwithstanding Millburn's issuance and service of subpoenas to the Recipients in complete accordance with Rule 45, the Recipients have failed to respond. Furthermore, Millburn's efforts to obtain compliance with the subpoenas in the absence of court intervention have been ignored and abused by the Recipients. The Recipients' conduct and failure to comply with the subpoenas is in violation of Rule 45 and justifies the Court's granting Millburn's motion to enforce the subpoenas, hold the Recipients in contempt, and award attorney's fees and costs incurred by Millburn in connection with the filing of the motion.

Rule 45 requires, in pertinent part, that a subpoena state the court from which it issued, the title of the action, the court in which it is pending, and its civil

action number. Fed. R. Civ. P. 45(a)(1)(A)(i)-(ii). It further requires that the subpoena command each person to whom it is directed to, as is relevant here, produce documents at a specified time and place and set out the text of Rule 45(c) and (d). Id. at (a)(1)(A)(iii)-(iv).

A subpoena for production or inspection, if separate from a subpoena commanding a person's attendance, must issue "from the court for the district where the production or inspection is to be made." Id. (a)(2)(C). An attorney may issue and sign a subpoena as an officer of "a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending." Id. (a)(3)(B).

To accomplish service, a person who is at least 18 years old and not a party may serve a subpoena, which requires delivery of a copy of the subpoena to the named person. Id. (b)(1). If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party. Id. (b)(1). Within the United States, a subpoena may be served at any place:

(A)     within the district of the issuing court;

(B)     outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;

(C)   within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or

(D)   that the court authorizes on motion and for good cause, if a federal statute so provides.

Id. (b)(2). To demonstrate proof of service, "a statement showing the date and manner of service and the names of the persons served," which is certified by the server, must be filed with the issuing court. Id. (b)(4). A person commanded to produce documents

> may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Id. (c)(2)(B).

Lastly, "the issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Id. at (e).

Here, Millburn has complied with all of the requirements of Rule 45. The subpoenas issued and served on the Recipients each stated that they were issued from the Georgia Court in relation to Millburn Partners, LLC v. Rizzolo, civil action number 2:10-cv-03039, pending in the New Jersey Court. [Klein Cert., Exhibits C, D, and E]. The subpoenas commanded each of the Recipients to

produce documents on October 20, 2010 at 10:00 AM at 303 Peachtree Street NE, 2800 Suntrust Plaza, Atlanta Georgia, 30308 and set forth the text of Rule 45(c) and (d). Id.

Since the subpoenas were for the production of documents, and did not command the attendance of any person, they were issued from the Georgia Court, which is the District where the production was to be made. Id. The subpoenas were issued and signed by Terel L. Klein, Esq., who is authorized to practice in the New Jersey Court, the court where the action is pending. [Klein Cert., Exhibits C, D, and E; and at ¶ 1].

The subpoenas were served upon the Recipients at 6445 Powers Ferry Road, Suite 205, Atlanta, Georgia, on October 8, 2010 by Bruce R. Smith, who is in excess of 18 years of age and is not a party. [Klein, Cert., Exhibits F, G, and H]. Prior to service, a notice was sent to the only other party to the pending litigation. Id. at Exhibit I. The subpoenas were served within the district of the issuing court, the Georgia Court. Id. at Exhibits F, G, and H. Millburn filed with this motion proofs of service indicating that the subpoena was served on October 8, 2010 by personal service, and listing the names of the Recipients. Id. at Exhibits F, G, and H.

In contrast, the Recipients have not responded to the subpoena nor have they

served any objections to the subpoena. [Klein Cert., at ¶ 9]. Counsel for Recipients, Mr. King, in fact expressed on October 19, 2010 that he was in possession of responsive documents, but that he needed an extension of time to produce them. Id. at ¶ 5. Unfortunately, Mr. King's communication, rather than signaling imminent compliance with the subpoenas by the Recipients, turned out to be a stalling tactic. After obtaining a ten-day extension of time to respond from Millburn, the Recipients then sought leniency upon the expiration of that extension on October 29, 2010, based on "technical difficulties." Id. at ¶ 6.

Millburn's attempts to communicate with the Recipients since that time had been ignored, and Millburn had not heard from Mr. King or anyone else on behalf of the Recipients since November 2, 2010, until November 15, 2010, when Mr. King's assistant contacted Millburn requesting yet more time to respond. Id. at ¶ 7-9. The Recipients have not responded to the subpoenas nor have they served any objections to the subpoenas. Id. at ¶ 9. In light of Millburn's compliance with Rule 45, and the Recipients failure to respond to the subpoenas or pose any objection to them, the Court should enter an order enforcing the subpoena, compelling the Recipients' production of documents in compliance with the subpoenas, holding the Recipients in contempt, and awarding Millburn attorney's fees incurred in relation to the preparation of this motion.

## POINT II

## MILLBURN IS ALSO ENTITLED TO AN AWARD OF ATTORNEYS' FEES IN CONNECTION WITH THE FILING OF THIS MOTION PURSUANT TO RULE 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Although Millburn is entitled to attorney's fees pursuant to Rule 45, the Recipients conduct in not responding to the subpoenas also warrants the award of attorney's fees to Millburn pursuant to Federal Rule of Civil Procedure 37.

Rule 37 provides that

> [o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). The motion, if made for an order to a nonparty, "must be made in the court where the discovery is or will be taken." Id. at (a)(2). Rule 37 further provides for the payment of expenses:

If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

    i.      the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

    ii.     the opposing party's nondisclosure, response, or objection was substantially justified; or

    iii.    other circumstances make an award of expenses unjust.

Id. 37(a)(5)(A)(i)-(iii).

Here, Millburn has moved in the court where the discovery is to be produced, the Georgia Court, on notice to all parties and affected persons for an order compelling the Recipients response to the subpoenas duly issued and served to them, as set forth above.

Millburn has certified and provided documentation of its conferring in good faith with the Recipients in an effort to obtain their responses to the subpoenas without court action. [Klein Cert., Exhibits A and B]. Millburn agreed to extend the Recipients until October 29, 2010 to comply with the subpoenas, responses to which were originally due by October 20, 2010. Id. at ¶ 5. On October 29, 2010, Millburn did not receive any response to the subpoenas issued to the Recipients or an explanation as to their failure to respond. Id. at ¶ 6. On November 2, 2010, counsel for Millburn contacted Mr. King by phone, at which time Mr. King indicated that due to technical problems, the Recipients' responses had been delayed, but that Millburn would have them by November 3, 2010, and that Mr.

King would contact Millburn's counsel on November 3, 2010 whether or not the technical problems were resolved. Id.

On November 3, 2010, Millburn received no communication from Mr. King, and instead resorted to leaving Mr. King a voice message at around 5:30 P.M. Id. at ¶ 7. Counsel for Millburn followed up with a phone call to Mr. King's office on the morning of November 4, 2010, but Mr. King's assistant indicated that Mr. King was out of the office. Id. Millburn sent Mr. King a letter on November 4, 2010 requesting that he contact Millburn and warning that if he did not, Millburn would be forced to seek court intervention. Id. at ¶ 7 and Exhibit A.

Although Mr. King never sought to contact Millburn since that time, counsel for Millburn attempted to reach Mr. King yet again on November 9, 2010, but was informed by Mr. King's assistant that Mr. King was out of the office. Id. at ¶ 8. Millburn sent Mr. King a letter on November 9, 2010, indicating its intention to file a motion to enforce the Recipients' production of documents in compliance with the subpoenas. Id. at ¶ 8 and Exhibit B. Millburn had not heard from Mr. King or anyone else on behalf of the Recipients since November 2, 2010, until November 15, 2010, when Mr. King's assistant contacted Millburn requesting more time to respond. Id. at ¶ 9. The Recipients have not responded to the subpoenas nor have they served any objections to the subpoenas. Id.

The above details both Millburn's attempts to obtain the Recipients' compliance with the subpoenas in the absence of court intervention and illustrates how the Recipients' conduct has necessitated this motion by their failure to cooperate or respond. The Court should, therefore, grant Millburn's motion to enforce the subpoenas and award Millburn attorney's fees and reasonable expenses incurred in connection with the filing of this motion, because the Recipients' failure to respond was not substantially justified.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Millburn's motion to enforce the subpoenas, hold the Recipients in contempt, and award attorney's fees and costs to Millburn incurred in connection with the filing of this motion.

This 19th day of November, 2010.

Respectfully submitted,

**STITES & HARBISON, PLLC**
303 Peachtree Street, N.E.
2800 SunTrust Plaza
Atlanta, GA  30308
Telephone:  (404) 739-8800
Facsimile:(404) 739-8870

Jay Pontrelli
Georgia Bar No. 583513
jpontrelli@stites.com

COUNSEL FOR MILLBURN
PARTNERS, LLC

## CERTIFICATE OF COMPLIANCE

The undersigned do hereby certify that the foregoing was typed using Times New Roman, font size 14, pursuant to Local Rule 5.1.

This 19TH day of November 2010.

Respectfully submitted,

**STITES & HARBISON, PLLC**
303 Peachtree Street, N.E.
2800 SunTrust Plaza
Atlanta, GA  30308
Telephone:  (404) 739-8800
Facsimile:(404) 739-8870

Jay Pontrelli
Georgia Bar No. 583513
jpontrelli@stites.com

COUNSEL FOR MILLBURN
PARTNERS, LLC

# EXHIBIT "1"

**LAW OFFICES OF ALAN L. ZEGAS**
552 Main Street
Chatham, New Jersey 07928
(973) 701-7080
Attorneys for Plaintiff, Millburn Partners LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **MILLBURN PARTNERS, LLC** | CASE NO. 2:10-cv-03039 |
| Plaintiff | (Case Pending in the District of N.J.) |
| v. | CIVIL ACTION |
| **FRANCO RIZZOLO** | **CERTIFICATION OF TEREL L. KLEIN, ESQ.** |
| Defendant | |

I, Terel L. Klein, Esq., of full age, do hereby certify as follows:

1.      I am an attorney at law admitted to practice in the State of New Jersey and the United States District Court for the District of New Jersey and my office, the Law Offices of Alan L. Zegas, represents the Plaintiff Millburn Partners, LLC ("Millburn").

2.      I make this certification in support of Millburn's motion to enforce the subpoenas issued to non-parties Christian Shields, Kendall Doble, and Daniel Malino ("the Recipients").

3.      On October 5, 2010, I issued to the Recipients, on behalf of Millburn, subpoenas seeking the production of documents by the Recipients, which were sent to 6445 Powers Ferry Road, Suite 205, Atlanta, Georgia, which is, upon information and belief, within the jurisdiction of the United States District Court for the Northern District of Georgia.

4.     The subpoenas were served upon the Recipients at the above address pursuant to and in accordance with Rule 45 of the Federal Rules of Civil Procedure. Pursuant to the subpoenas, the Recipients were to produce their responses to Millburn at 303 Peachtree Street NE, 2800 Suntrust Plaza, Atlanta Georgia, 30308 by October 20, 2010, which upon information and belief, is also within the jurisdiction of the United States District Court for the Northern District of Georgia.

5.     On October 19, 2010, Scott King, Esq. contacted counsel for Millburn by telephone and indicated that he represented the Recipients. Mr. King further explained that his clients had every intention of complying with the subpoenas and had already supplied him with two zip drives of responsive documents, but that he would need an extension of time to produce the documents. Accordingly, on behalf of Millburn, I agreed to extend the Recipients until October 29, 2010 to comply with the subpoenas.

6.     On October 29, 2010, Millburn did not receive any response to the subpoenas issued to the Recipients or an explanation as to their failure to respond. On November 2, 2010, I contacted Mr. King by phone, at which time Mr. King indicated that due to technical problems, the Recipients' responses had been delayed, but that Millburn would have them by November 3, 2010, and that Mr. King would contact me on November 3, 2010 whether or not the technical problems were resolved.

7.     On November 3, 2010, I received no communication from Mr. King, and instead resorted to leaving Mr. King a voice message at around 5:30 P.M. I followed up with a phone call to Mr. King's office on the morning of November 4, 2010, but Mr. King's assistant indicated that Mr. King was out of the office. I sent Mr. King a letter by certified mail on November 4, 2010, attached hereto as Exhibit A, requesting that he

2

contact Millburn and warning that if he did not, Millburn would be forced to seek court intervention.

8.      Although Mr. King never sought to contact Millburn since that time, I attempted to reach Mr. King yet again on November 9, 2010, but was informed by Mr. King's assistant that Mr. King was out of the office. I sent Mr. King a letter by certified mail on November 9, 2010, attached hereto as Exhibit B, indicating Millburn's intention to file a motion to enforce the subpoena and compel the Recipients' production of documents.

9.      Millburn had not heard from Mr. King or anyone else on behalf of the Recipients since November 2, 2010, until November 15, 2010, when Mr. King's assistant contacted Millburn requesting more time to respond. The Recipients have not responded to the subpoenas nor have they served any objections to the subpoenas.

10.      Attached hereto as Exhibit A is a true and accurate copy of the letter sent via certified mail by Terel L. Klein to Mr. King on November 4, 2010, along with proof of service.

11.      Attached hereto as Exhibit B is a true and accurate copy of the letter sent via certified mail by Terel L. Klein to Mr. King on November 9, 2010, along with certified mail receipt.

12.      Attached hereto as Exhibit C is a true and accurate copy of the subpoena issued to Christian Shields on October 5, 2010.

13.      Attached hereto as Exhibit D is a true and accurate copy of the subpoena issued to Daniel Malino on October 5, 2010.

3

14. Attached hereto as Exhibit E is a true and accurate copy of the subpoena issued to Kendall Doble on October 5, 2010.

15. Attached hereto as Exhibit F is a true and accurate copy of the proof of service of the subpoena issued to Christian Shields on October 5, 2010.

16. Attached hereto as Exhibit G is a true and accurate copy of the proof of service of the subpoena issued to Daniel Malino on October 5, 2010.

17. Attached hereto as Exhibit H is a true and accurate copy of the proof of service of the subpoena issued to Kendall Doble on October 5, 2010.

18. Attached hereto as Exhibit I is a true and accurate copy of a letter dated October 5, 2010 from Terel L. Klein, Esq. to Salvatore, T. Alfano, Esq., without enclosures.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Terel L. Klein

Dated: November 15, 2010