IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MILLBURN PARTNERS, LLC,  Plaintiff,  v.  FRANCO RIZZOLO,  Defendant. | CIVIL ACTION FILE  NO. 1:10-MI-0195-CAP-WEJ |

## **ORDER**

Before the Court is plaintiff's Motion for Contempt and to Enforce Subpoenas Issued to Non-Parties ("Motion for Contempt") [1]. Plaintiff and defendant are engaged in litigation in the District of New Jersey (Case No. 2:10-cv-03039). Millburn Partners, LLC seeks an order from this Court finding three non-party individuals in contempt of Court, compelling those individuals to produce documents pursuant to a subpoena, and awarding plaintiff its attorney's fees and costs incurred in filing this Motion.

Before proceeding to the merits of this Motion, the Court observes that the Motion itself does not include a certificate of service, and that the certificate of service attached to plaintiff's Exhibit I [1-9] appears to reflect service upon counsel

in New Jersey, but not upon the three individuals identified in the Motion for Contempt or upon Scott King, their lawyer. (See Mot. for Contempt at 4.)

In an action for civil contempt, "the moving party must prove by clear and convincing evidence that (1) a valid court order was in effect; (2) the order was clear and unambiguous; and (3) the alleged violator could have complied with the court's order, had he chosen to do so." Smith v. Pefanis, 652 F. Supp. 2d 1308, 1339 (N.D. Ga. 2009) (citation omitted). "However, once the moving party makes a prima facie showing that the court order was violated, the burden of production shifts to the alleged contemnor to show a present inability to comply that goes beyond a mere assertion of inability." Id. (citing Howard Johnson Co., Inc. v. Khimani, 892 F.2d 1512, 1516 (11th Cir. 1990)).

Needless to say, Messrs. Shields, Malino, and Doble will be unable to meet their burden of production if they are unaware of this action. Accordingly, plaintiff is **DIRECTED** to serve a copy of the Motion for Contempt upon Mr. King within fourteen days of the entry of this Order and to file a notice of service with this Court. Messrs. Shields, Malino, and Doble will then have fourteen days to file any response.

AO 72A
(Rev.8/82)

**SO ORDERED,** this 23rd day of November, 2010.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE