**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGGIA**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| MILLBURN PARTNERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO: |
| | ) | 1:10-MI-1095 |
| FRANCO RIZZOLO, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE OF NON-PARTIES TO MOTION FOR CONTEMPT AND TO ENFORCE SUBPOENAS**

COMES NOW non-parties Christian Shields, Daniel Malino and Kendall Doble (hereafter the "Respondents"), by and through the undersigned counsel of record, and files this their Response to Plaintiff's Motion for Contempt and to Enforce Subpoenas in the above-styled action as follows:

## I. INTRODUCTION

Contrary to the assertions in Plaintiff's Motion for Contempt and to Enforce Subpoenas Issued to Non-parties (hereafter "Plaintiff's Motion"), Respondents have not ignored the subpoenas previously issued to them by Plaintiff in this case. As Plaintiff points out in their motion, Respondents have never objected to providing the requested documents to Plaintiff and have, in fact, gone above and beyond their responsibilities by reviewing hundreds, if not thousands of pages of

electronic files contained in their computer archives and their email accounts to determine if they had any documents responsive to the subpoenas. Unfortunately, due to the difficulty in locating documents that may have been responsive to these subpoena requests, the large volume of documents that were actually located and the fact that each document had to be reviewed for possible privilege issues[1], Respondents were unable to provide these documents in the short time period provided for compliance. As such, counsel for the Respondents had to request several extensions of the response deadline. As shown below, at the time Plaintiff's Motion was filed, counsel for Respondents understood that Respondents were still within the agreed-upon time period to respond. As such, any failure to comply was not willful. Further, all of the responsive documents which any of the Respondents had in their custody, control or possession have now been provided to Plaintiff, rendering moot at least Plaintiff's motion to enforce these subpoenas.

---

[1] Mr. Shields and Mr. Malino were formerly counsel for a company known as Miles, Property, Inc. (hereafter "MPI"). All of the documents requested related to transactions involving MPI. As such, all of the documents had to be reviewed to ensure that they were not protected by either the attorney work-product doctrine or the attorney-client privilege.

## II. FACTUAL BACKGROUND

Plaintiff issued the subpoenas at issue in this case on or about October 5, 2010 seeking a vast array of documents relating to Respondents' previous employer, MPI. Due to the large number of computer files and email files that had to be reviewed, Respondent's counsel contacted Plaintiff's counsel on or about October 19, 2010, to request an extension of time through the end of October within which to file a response. *See Affidavit of Scott R. King* ("*King Aff.*") at Para. 3, a copy of which is attached hereto as Exhibit "A". At that time, Respondents counsel informed Plaintiff's counsel that he had been retained and that such an extension was necessary because of the fact that there was a large amount of documents that would likely be responsive to the requests and the fact that each of these documents would have to be reviewed for potential privilege issues. *Id*. Plaintiff's counsel agreed at that time to an extension through October 29, 2010.

Thereafter, Respondents had considerable difficulty retrieving the requested documents from their electronic archives for review by their counsel. *Id* at Para. 4. Specifically, none of the Respondents had hard copies of any documents which were responsive to these requests. *Id.* As such, they had to search through their email archives and document archives on their computers to try to locate any documents which would be responsive to these requests. *Id.* In fact, Mr. Shields

was subsequently able to locate large volumes of documents which were potentially responsive to these requests after an exhaustive search of his archives. *Id.*

On November 2, 2010, counsel for Respondents spoke with Plaintiff's counsel and informed him that Respondents were having trouble electronically uploading all of the documents but that Respondents were working on getting this information to Plaintiff as soon as possible. *Id* at Para 5. In the days that followed this conversation, Mr. Shields continued to locate additional documents which were potentially responsive to these requests. *Id* at Para. 6. Each of these documents again had to be reviewed for potential attorney-client privilege issues and attorney work property issues as a result of the prior employment of Mr. Malino and Mr. Shields with MPI. *Id.*

Based upon the large volume of documents that continued to flow in, Respondents' counsel's office again contacted Plaintiff's counsel on November 12, 2010 and indicated that Respondents needed additional time. *Id* at Para. 7. Specifically, the undersigned was scheduled to be on trial the following week in Chattanooga, Tennessee from Tuesday, November 16th through Friday, November 19th. *Id.* As such, one final extension was requested through Monday, November 22nd, in order to allow counsel to complete trial and finish reviewing the materials

provided by Respondents prior to producing same. *Id.* At that time, Plaintiff's counsel indicated that he did not anticipate any problem with the extension but that he would check with his client to make sure there were no issues. *Id.* The undersigned did not hear back from the office of Plaintiff's counsel again prior to the start of his trial in Tennessee on Tuesday November 16, 2010. *Id.*

Thereafter, on Wednesday, November 17th, Plaintiff's counsel left a message with the undersigned's office indicating that Plaintiff was objecting to the extension and that Respondents could not have an extension through November 22, 2010, as requested. *Id* at Para. 8. As the undersigned was in trial out of state at that time, it was impossible to get the documents to Plaintiff prior to November 22nd. *Id*

On Friday November 19, 2010, while the undersigned was still out of state, the Plaintiff filed the present Motion for Contempt and to Enforce Subpoenas. *Id* at Para. 9. Respondents have subsequently provided all of the responsive documents requested by Plaintiff to Plaintiff's counsel.

## III. ARGUMENT AND CITATION OF AUTHORITY

### 1. Plaintiff's Motion to Enforce Subpoenas is Moot.

As shown above, Respondents have now provided all responsive documents requested to Plaintiff's counsel *via* electronic means. As such, Plaintiff's Motion to enforce these subpoenas in now moot.

2. Plaintiff's Motion for Contempt Should be Denied as Respondents in Good Faith Believed they Had Been Granted an Extension through November 22, 2010.

Under Rule 45(e) of the Federal Rules of Civil Procedure the court issuing the subpoena has the discretion to hold the recipient of a subpoena in contempt if the court finds that such party failed to obey the subpoena "without adequate excuse". In this case, while the responses were admittedly delayed due to the difficulty in obtaining the documents and the need to review large volumes of material, Respondents made it clear from day one that they were providing the requested material and in fact have now provided all such material. Respondents had a good faith belief that Plaintiff had extended the time within which to provide the responses to these subpoenas through November 22, 2010, three days after the motion to compel was filed, based upon the statements of their counsel that he did not see a problem with an extension through that date. When Plaintiff's counsel called on November 17th and indicated that Plaintiff would not agree to the extension, it was impossible to turn around and comply immediately because the undersigned counsel was in another state as he had previously indicated to Plaintiff's counsel.

Under these circumstances, Respondent's failure to provide the responses prior to the filing of the motion to compel was not a willful effort to ignore the

discovery requests. Rather, the undersigned indicated all along that he was complying with the requests but needed additional time to sort through the volumes of material that was available and may or may not have been responsive to the requests. As Plaintiff's counsel originally indicated that he had no problem with the extension and did not voice an objection until after the undersigned had left for Tennessee, Respondents had an "adequate excuse" for their delayed responses to these requests.

"In a contempt action, the moving party must prove by clear and convincing evidence that (1) a valid court order was in effect; (2) the order was clear and unambiguous; and (3) the alleged violator could have complied with the court's order, had he chosen to do so . . . However, once the moving party makes a prima facie showing that the court order was violated, the burden of production shifts to the alleged contemnor to show a present inability to comply that goes beyond a mere assertion of inability." *Smith v. Pefanis,* 652 F.Supp.2d 1308, 1339 (N.D.Ga. 2009), *quoting Taylor v. Teledyne Technologies, Inc.,* 338 F.Supp.2d 1323, 1345-46 (N.D.Ga.2004) and *Howard Johnson Co., Inc. v. Khimani,* 892 F.2d 1512, 1516 (11th Cir.1990) (internal marks and citations omitted).

In this case, Respondents do not dispute that a valid court order was in effect which was clear and unambiguous. However, Respondents dispute that they simply

chose to disregard that order. Rather, they had requested a further extension to respond and believed that one had been granted. At the point Plaintiff's informed them that Plaintiff had opted not to grant the further extension, it was not possible to respond prior to the time Plaintiff's Motion was filed because their counsel was in another state and had no access to the responsive documents.

Further, even if Plaintiff could meet their burden of proving, by clear and convincing evidence willful noncompliance, Respondents have met their burden of producing evidence showing a present inability to comply. As shown in the Affidavit of Scott R. King, Plaintiff's counsel was aware that Respondent's counsel was starting a trial in another state on November 16th when he indicated that he saw no problem with the extension. Despite this knowledge, he waited until November 17th to contact the undersigned's office and voice for the first time that his client had disapproved the request for a further extension of time to respond. At that point, Respondent's counsel had no further access to the information and could not respond prior to the filing of this Motion for Contempt. For these reasons, Plaintiff's Motion for Contempt should be denied.

3. Plaintiff's Request for Sanctions Under Rule 37 of the Federal Rules of Civil Procedure is not Warranted Because Respondents are not Parties to this Case.

In addition to their request for sanctions under Rule 45(e), Plaintiff further

seeks an award of sanctions and attorney fees under Rule 37 of the Federal Rules of Civil Procedure. *Plaintiff's Motion* at pp. 11-13. However, even if Plaintiff could demonstrate a willful failure to comply with the subpoenas in this case, the clear language of Rule 37 demonstrates that this rule in inapplicable to a situation such as the present case.

Rule 37(3) provides that a motion to compel discovery may be made in any of the following situations:

> (3) *Specific Motions.*
>
> (A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>
> (B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> (i) a deponent fails to answer a question asked under Rule 30 or 31;
>
> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

*See Fed.R.Civ. Proc. 37(3)*. As the present case does not involve a motion to compel under any of these enumerated situations, Plaintiff's motion is misplaced.

*See Southeastern Mechanical Services, Inc. v. Brody*, 2009 WL 3095642 (N.D.Ga.2009) ("Rule 37(a) (5)(A), which authorizes an award of "the movant's reasonable expenses incurred in making" a successful motion to compel discovery responses, does not appear to govern motions to compel production of documents made pursuant to Rule 45." *citing Kona Spring Water Distrib., Ltd. v. World Triathlon Corp.,* No. 8:05-cv-119-T-23TBM, 2006 U.S. Dist. LEXIS 22323, at * 8-9 (M.D. Fla. Apr. 7, 2006); *see also American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.,* 2006 WL 1063299, *1 (M.D.Fla.2006) ("The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a non-party for failure to comply with a subpoena is found in Rule 45(e)"); *Hernandez v. Tregea*, 2008 WL 3157192 (M.D. Fla. 2008) (failure of a nonparty to comply with discovery requests governed by Rule 45 while failure of a party to comply with discovery is governed by Rule 37). As the present motion relates to a failure to respond to a subpoena for the production of documents, Plaintiff's motion for sanctions under Rule 37 should be denied.

Even if the Court were to find that Rule 37 applied, the Court should deny Plaintiff's request for attorney fees under the facts of this case. Although the Court is required to award attorney fees upon the granting of a motion to compel under Rule 37, "the court must not order this payment if: (ii) the opposing party's

nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *See Fed.R.Civ. Proc. 37(5)(A)*. Here, as shown above, Respondents were operating under the understanding that they had until November 22, 2010 to provide the responses when Plaintiff's counsel notified them on November 17th that the extension was being denied. At that point, for the reasons stated above, responses could not be provided prior to the filing of Plaintiff's Motion. Under these circumstances, the failure to produce these documents prior to the filing of Plaintiff's Motion was substantially justified. Further, an award of expenses would be unjust under these facts.

## IV. CONCLUSION

As Respondents have already provided copies of all responsive documents to Plaintiff, Plaintiff's Motion to Compel should be denied as MOOT. As Respondents had an adequate excuse for failing to provide the requested documents prior to the filing of Plaintiff's Motion, and as Respondents have provided all of the requested documents, Plaintiff's motion for contempt under Rule 45 should be denied. Finally, as Rule 37 is inapplicable to the present situation, Plaintiff's motion for attorney fees and expenses under Rule 37 should be denied.

.

Respectfully submitted this 28th day of October 2010.

/s/Scott R. King
Scott R. King
Georgia Bar No. 421345
Attorneys for Nonparties

JACOBS, KING & WALLACK
1117 Perimeter Center West, Suite W501
Atlanta, Georgia 30338
(404) 920-4490
scott@jkwlawfirm.com

**CERIFICATE OF COMPLIANCE**

I hereby certify that the within and foregoing document was prepared in Times New Roman 14 point font in accordance with Local Rule 5.1(b).

**CERTIFICATE OF SERVICE**

This is to certify that I have this day filed a copy of the within and foregoing Response to Plaintiff's Motion for Contempt and to Enforce Subpoenas via the Court's electronic filing system. Notice of this filing was provided to counsel of record for all other parties to this case *via* such electronic filing system.

/s/Scott R. King
Scott R. King
Georgia Bar No. 421345
Attorney for Nonparties

JACOBS, KING & WALLACK
1117 Perimeter Center West, Suite W501
Atlanta, Georgia 30338
(404) 920-4490
scott@jkwlawfirm.com
cary@jkwlawfirm.com